IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JYI R. MCCRAY | § | |
| VS. | § | CIVIL ACTION NO. 1:16-CV-251 |
| | | (Criminal No. 1:96-CR 54) |
| UNITED STATES OF AMERICA | § | |

## MEMORANDUM OPINION AND ORDER

Movant, Jyi R. McCray, an inmate currently confined at FCC Yazoo City, proceeding *pro se*, filed this motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

## FACTUAL & PROCEDURAL BACKGROUND

On May 16, 1996, a federal grand jury returned a seventeen-count indictment against movant and four co-defendants. Movant was charged with conspiring to interfere with commerce by threats and violence (Hobbs Act conspiracy), in violation of 18 U.S.C. § 1951 (Count 1); interference with commerce by threats and violence (Hobbs Act robbery), in violation of 18 U.S.C. § 1951 (Counts 2, 14, and 16); and using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1) (Counts 3, 15, and 17). The grand jury returned a superseding indictment that did not change the charges against movant. The grand jury later returned a second superseding indictment and, then, a third, neither of which altered the charges against movant. Movant went to trial on the third superseding indictment, and a jury convicted movant on all counts.

The Presentence Report calculated movant's total offense level for the Hobbs Act conspiracy and robberies (Counts 1, 2, 14 and 16) to be 25 under the 1996 version of the U.S. Sentencing Guidelines Manual. There were no adjustments under the career offender guidelines, U.S.S.G. § 4B1.1, or the armed career criminal guidelines, U.S.S.G. § 4B1.4. The mandatory statutory sentence

for movant's first Section 924(c) count (Count 3) was five years' imprisonment. The mandatory statutory sentence for each of movant's other Section 924(c) counts (Counts 15 and 17) was twenty years' imprisonment.

Movant's criminal history category was I. At offense level 24, this yielded a guideline sentencing range of 57-71 months' imprisonment for the Hobbs Act counts. The guideline range for the first Section 924(c) count was 60 months (five years), which was required to be served consecutively. The guideline range for each of the other Section 924(c) counts was 240 months (twenty years), both of which were required to be served consecutively to all other counts.

At the sentencing hearing on February 9, 1997, the offense level for the Hobbs Act counts was increased to 27, which yielded a guideline range of 70-87 months' imprisonment. The Court sentenced movant to 87 months' imprisonment for the Hobbs Act counts, to be served concurrently; 60 months' imprisonment for the first Section 924(c) count (Count 3), to be served consecutively; and 240 months for each of the other Section 924(c) counts (Counts 15 and 17), to be served consecutively to all other counts. The judgment was entered on February 26, 1997. Movant appealed and the Fifth Circuit Court of Appeals affirmed the conviction and sentence. Movant's subsequent petition for writ of certiorari was denied.

On June 26, 2015, the Supreme Court decided *Johnson v. United States*, in which it held that the "residual clause" definition for "violent felony" in the Armed Career Criminal Act, 18 U.S.C. § 924(e), is unconstitutionally vague. 135 S.Ct. at 2563. Movant claims that *Johnson* rendered his Section 924(c) convictions invalid, arguing that the Hobbs Act conspiracy offense for which he was convicted is no longer a crime of violence under the definition found in 18 U.S.C. § 924(c)(3).

On November 3, 2016, this Court ordered the Government to show cause. The Government filed a Response on December 15, 2016, arguing movant's claims were not cognizable as the Supreme Court had not yet addressed whether *Johnson* applied to § 924(c) or, if so, whether it may be applied on collateral review. The Government noted that the Supreme Court would be deciding whether *Johnson* applied to career offenders under the sentencing guidelines, U.S.S.G. § 4B1.1, and, if so, whether it applied retroactively on collateral review in *Beckles v. United States*, No. 15-8544 (June 27, 2016).

The Supreme Court decided *Dimaya* on April 17, 2018. *Dimaya v. Sessions*, 138 S.Ct. 1204 (2018) In *Dimaya*, the Supreme Court held that the residual clause of the federal criminal code's definition of "crime of violence," as incorporated into the Immigration and Nationality Act's (INA) definition of aggravated felony, was impermissibly vague in violation of due process. *Id*.

Movant then filed a Supplemental Response on June 1, 2018, arguing the Supreme Court in *Dimaya* did not limit its holding to § 16(b) and that § 924(c)(3)(B) is void for vagueness. This Court entered a Supplemental Show Cause order on November 20, 2018. The Government filed a Response on December 11, 2018, arguing the present motion to vacate, set aside, or correct sentence is successive or, alternatively, without merit.

**STANDARD**

A § 2255 motion is the primary means of collateral attack on a federal sentence. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (quotation omitted). There are four cognizable grounds upon which a federal prisoner can bring a § 2255 motion to vacate, set aside, or correct a sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the

sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C.A. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992). Finally, Movant has the burden of establishing his claims by a preponderance of the evidence. *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980).

## DISCUSSION

Movant cannot rely on *Johnson* for relief. In *Johnson*, the Supreme Court determined that § 924(e)'s residual clause definition of "violent felony" is unconstitutionally vague. *Johnson* had no application to § 924(c).

*Beckles* also offers no relief. In *Beckles*, the Supreme Court considered whether the Sentencing Guidelines can be unconstitutionally vague in light of *Johnson*. 137 S. Ct. 886 (2017). More specifically, whether the residual clause in U.S.S.C. § 4B1.2(a)'s definition of "crime of violence" for the career offender enhancement in U.S.S.C. § 4B1.1 was unconstitutionally vague. The *Beckles* Court held that, because the Guidelines are advisory, they cannot be void for vagueness. *Beckles*, 137 S. Ct. at 897. Like *Johnson*, there is no application to § 924(c).

To the extent movant argues *Dimaya* warrants relief, the claim lacks merit for two reasons. First, this Court lack jurisdiction to consider this claim as it is a second or successive claim. The above-referenced motion to vacate, set aside, or correct sentence was based on *Johnson* which involved 18 U.S.C. § 924(e), the Armed Career Criminal Act. Movant's new claim based on *Dimaya* -- which involves a differently-worded statute, 18 U.S.C. § 16(b) -- is second or successive. Absent authorization from the Fifth Circuit, this Court does not have subject matter jurisdiction over

the new claim. 28 U.S.C. § 2255(f); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).

Alternatively, and assuming without finding that *Dimaya* applies retroactively on collateral review, movant's *Dimaya* claim simply lacks merit.[1] Movant's Section 924(c) conviction is predicated on Hobbs Act robberies, which qualify as crimes of violence under Section 924(c)(3)(A)'s element clause, and not the residual clause found in Section 924(c)(3)(b). *See United States v. Bowens*, 907 F.3d 347, 353-54 (5th Cir. 2018), *cert. denied*, No. 18-7612, -- U.S. --, 139 S.Ct. 1299, -- L.Ed.2d --, 2019 WL 358681 (U.S. Mar. 4, 2019) (holding that "binding circuit precedent forecloses [Defendant's] claim that Hobbs Act robbery is not a [crime of violence] predicate under 18 U.S.C. § 924(c)(3)(A)") (*citing United States v. Buck*, 847 F.3d 267, 274-75 (5th Cir. 2017)); *United States v. Davis*, 903 F.3d 483, 486 (5th Cir. 2018), *cert. granted*, -- U.S. -- , 139 S.Ct. 782, 202 L.Ed.2d 511 (2019) ("Whatever arguments may be made for opposing Hobbs Act robbery's inclusion under the elements clause as a crime of violence, *Dimaya* has not affected them, and therefore, they are foreclosed to us in light of *Buck*.").

## ORDER

Based on the foregoing, it is, hereby, **ORDERED** that this motion to vacate, set aside or correct sentence filed pursuant to 28 U.S.C. § 2255 is **DENIED**.

**SIGNED** this the **14** day of **May, 2019.**

Thad Heartfield
United States District Judge

---

[1] *Dimaya* did not address whether its holding might apply retroactively on collateral review of a criminal conviction. *Pisciotta v. Harmon*, 748 F. App'x 634, 635 (5th Cir. 2019) (not designated for publication).

5